IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEDLINE INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-7216 |
| | ) | |
| vs. | ) | Hon. Sara L. Ellis |
| | ) | Hon. Magistrate Judge Michael T. Mason |
| C. R. BARD, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF C. R. BARD'S
RENEWED MOTION TO STAY AFTER INSTITUTION OF *INTER PARTES* REVIEW**

la-1421144

I.  INTRODUCTION

Bard's motion establishes that each of the factors considered by courts weighs heavily in favor of staying this case. A stay here will simplify the issues and streamline any trial, greatly reduce the burdens of litigation, and will not unduly prejudice Medline. Medline fails to address Bard's arguments, neglects to distinguish any of Bard's cases, and simply cannot explain why it would be reasonable to embark on expert discovery here when the PTAB's parallel proceeding likely will nullify most if not all of Medline's asserted claims.

Medline's only argument in opposition—based on the inaccurate assertion that expert discovery is already underway here—is that the parties might as well proceed with costly expert discovery on the four patents at issue in this case because they are already extremely busy conducting expert discovery on four other patents in the first two cases. This argument is not only nonsensical, it reinforces the necessity of a stay here. It certainly does not warrant a departure from what the vast majority of courts have found in similar circumstances: that "after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed." *See, e.g.*, *NFC Tech. LLC v. HTC Am., Inc.*, Case No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *7 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). Bard's renewed motion should therefore be granted.

II. ARGUMENT

A.  **Staying Expert Discovery Will Reduce, Not Increase, the Parties' Expenses**

Medline primarily bases its opposition on the illogical contention that it would be more efficient and less costly to proceed with expert discovery now as opposed to waiting for the PTAB to make a final decision on the invalidity of the asserted patents (ECF No. 180 at 3.) Inexplicably, Medline would rather proceed now with significant, unnecessary additional expense.

la-1421144                               1

But it is likely that there will be no claims left for the experts to address once the PTAB issues its final decisions. As shown below, there is a more-than-sixty percent likelihood that the PTAB will cancel *all* of Medline's 20 asserted claims.[1] Any alleged efficiencies gained from preparing expert reports on the four patents at issue in this case at the same time the parties are engaged in expert discovery on four different patents at issue in the other cases is greatly outweighed by the high likelihood that all of the work in this case will be for naught.

Moreover, even if only some of the claims are canceled—and there is a greater-than-eighty percent likelihood that at least some will be canceled—the burden of preparing expert reports will still be significantly reduced. The experts will only have to address a subset of the 20 claims currently asserted, and will not have to address the invalidity arguments rejected by the PTAB, which Bard will be estopped from raising in this case. Regardless of the outcome, expert discovery will be simplified—and therefore expenses will be minimized—by waiting until after the PTAB has issued its final decisions.

Finally, Medline's argument is based on the faulty notion that there are substantial efficiencies to be gained by having successive expert discovery schedules in *Medline I*, *Medline II*, and this case. While the asserted patents in all three cases may be related, they have distinct claims with distinct claim elements that by law are necessarily directed to distinct inventions. *UCB, Inc. v. Accord Healthcare, Inc.*, 890 F.3d 1313, 1323 (Fed. Cir.), *cert. denied*, 139 S. Ct. 574 (2018) ("By statute, only a single patent may issue for the same invention.") The infringement and invalidity analyses in these reports will differ significantly. For example, the patents in this case involve multiple claim elements that do not appear in the patents asserted in

---

[1] Medline incorrectly states that it is asserting 40 claims in this case. It is not, and cannot. The local rules only permit Medline to assert 20 claims, which is what Medline did in its February 22, 2019 Identification of Asserted Claims under LPR 3.1(a)(1). (*See* Smith Reply Decl. Ex. 1.)

*Medline I* or *Medline II*, such as "anti-reflux device," "hand sanitizer," "securement device," and "patient aid." The expert reports in this case will therefore address different prior art than is it at issue in the other cases, as well as different features of the accused products. Moreover, even if there is some overlap as Medline' contends, the experts will remain very active with the *Medline I* and *II* cases, and therefore Medline's assertion that they will have to "re-familiarize" themselves with the subject matter of these cases does not make sense.

Medline also falsely states in its opposition that "expert discovery across all three cases is well underway." (ECF No. 180 at 2.) But the parties are not engaged in expert discovery in this case. They are still busily engaged in rebuttal expert reports in *Medline I*, and then have to begin expert discovery in *Medline II*. It makes no sense to burden the parties with expert reports on four additional patents in this case in the midst of expert depositions and rebuttal reports in the first two cases when this additional discovery may very well become moot once the PTAB issues its final decisions.[2]

**B.     The PTAB's Institution Decisions Show That ALL Asserted Claims Are Likely Invalid**

The PTAB rejected every one of Medline's arguments opposing *inter partes* review with respect to every one of the challenged claims. Medline, however, speculates that it is possible the PTAB found that Bard is likely to prevail with respect to only one challenged claim in each of the five petitions, and that *SAS Institute Inc. v. Iancu,* 138 S. Ct. 1348 (2018), required the

---

[2] The already crowded expert discovery schedule in these cases is a problem of Medline's making. Medline moved in *Medline II* to extend the case schedule to allow it to belatedly conduct fact discovery. When that motion was granted over Bard's opposition, the parties necessarily had to move to extend expert deadlines in this case, resulting in overlapping deadlines. For example, opening expert reports in this case are currently due on August 28th, only two days after the completion of expert depositions in *Medline II*. Rebuttal expert reports in this case are due on October 7th, which is only a week before the close of expert discovery in *Medline II*.

PTAB to institute *inter partes* review on every other challenged claim as well. (ECF No. 180 at 4.) Medline goes so far as to selectively quote a formulaic conclusion paragraph in one of the PTAB's institution decisions in an effort to convince the Court that the PTAB really found that only one claim was likely invalid. (ECF No. 180 at 4 n.2.)

But Medline's unfounded speculation ignores the clear tenor of the PTAB's decisions instituting *inter partes* review. As the institution decisions make clear, the PTAB did not institute review on one likely invalid claim and then tack on all other claims merely because *SAS Institute* requires it. The PTAB instituted review on all claims because it was persuaded by Bard's arguments demonstrating that they are likely invalid and was not persuaded by Medline's arguments to the contrary, as these excerpts from the same decision selectively quoted by Medline show:

- "Patent Owner's argument is unpersuasive for two reasons."

- "Patent Owner provides no persuasive evidence that we should not accept [Bard's expert's] opinion on this issue."

- "Based on the record currently before us, neither of Patent Owner's arguments is persuasive."

- "However, [prior art reference] Serany contradicts Patent Owner's contention . . ."

- "The current record does not support Patent Owner's contention . . ."

- "Patent Owner does not separately argue that limitations introduced in dependent claims 46–48, 50, 51, 55–58, and 60 are a basis for finding that any of these claims remain patentable over Solazzo and Serany. [] At this stage of the proceeding, we are persuaded that Petitioner has demonstrated a reasonable likelihood of proving that these claims are obvious."

(*See* ECF No. 176-4 at 19, 21, 23, and 25–26.)

Medline's hypothesis also ignores the statistical probability that each of the 20 asserted

la-1421144                                    4

claims likely will not survive *inter partes* review. As of February 28, 2019, the PTAB has canceled all of the claims on which it has instituted *inter partes* review 63% of the time, and has canceled all or some of the claims 81% of the time.[3] Thus, there is a nearly two in three likelihood this case will go away after the conclusion of the *inter partes* review (because *all* claims are cancelled) and a four in five likelihood that there will be at least some simplification of the issues (becomes *some* claims are cancelled). Medline can speculate that perhaps it will beat the odds, but mere speculation is not enough to force the parties to engage in costly expert discovery on issues that will likely be mooted when the PTAB reaches a final decision.

        C.        **The Vast Majority of Work In This Case Lies Ahead**

Medline argues that "the stage of and schedule already set for this case means that a stay will not simplify the issues in question, streamline the trial, or otherwise reduce the burden of litigation on the parties or the Court." (ECF No. 180 at 3.) This argument again ignores the high likelihood that all of the asserted claims are canceled, thereby eliminating the rest of this case. And as explained in Bard's motion, the parties barely engaged in fact discovery in this case because they are simply borrowing the discovery from *Medline I* and *Medline II*. Thus, the vast majority of the work here lies ahead. Bard's moving papers cited multiple cases that were stayed at similar or even later stages of litigation than this one (ECF No. 176-1 at 11), but Medline did not attempt to distinguish any of them.

The only two cases on which Medline relies for the proposition that this case should not be stayed were based on significantly different circumstances. In *Saint Lawrence Communications LLC v. ZTE Corp.*, the PTAB "instituted IPR on only one of five asserted

---

[3] *See* the U.S. Patent and Trademark Office's website for these statistics, which are available at https://www.uspto.gov/sites/default/files/documents/trial_statistics_2019_february.pdf.

patents, which amount[ed] to 6 of 38 asserted claims. Further, IPR on [one] patent was instituted for only two prior art references." Case Nos. 2:15-CV-349-JRG, 2:15-CV-351-JRG, 2017 U.S. Dist. LEXIS 84290, at *8 (E.D. Tex. Jan. 17, 2017). Additionally, trial was "set to begin in less than two months." *Id.* at *9. And in *Realtime Data LLC v. Actian Corp.*, the parties had invested significant time and expense in fact discovery, and trial was only six months away. Civ. No. 6:15-CV-463-RWS-JDL, 2016 U.S. Dist. LEXIS 187446, at *13, 15 (E.D. Tex. Nov. 29, 2016).

Here, in contrast, the PTAB instituted review on every asserted claim and on every ground raised in Bard's petitions. The parties have engaged in almost no fact discovery, there is no summary judgment briefing schedule yet, and a trial date has not been set. If trial does proceed, it likely will not occur for more than a year, after the trials in *Medline I* and *Medline II*, and long after the PTAB is required to issue its final decisions on the claims asserted in this case. Expert discovery alone likely will eclipse the parties' expenses to date in this case.

### III. CONCLUSION

Bard's motion establishes that each of the factors considered by courts weighs heavily in favor of staying this case. Medline's opposition fails to overcome that showing. Bard's motion should therefore be granted, and this case should be stayed until the PTAB issues its final decisions in each of the *inter partes* review proceedings.

Dated: July 1, 2019

By: /s/ Nicole Smith
Attorney for C. R. Bard, Inc.

Todd H. Flaming
*TF@TFLaw.US*

**Todd Flaming LLC**
20 South Clark Street, Suite 2620
Chicago, Illinois 60603
312.447.7217 (Tel)
312.236.9201 (Fax)

Vincent J. Belusko
*vbelusko@mofo.com*
Nicole Smith
*nsmith@mofo.com*
**Morrison & Foerster LLP**
707 Wilshire Boulevard
60th Floor
Los Angeles, California 90017-3543
(213) 892-5200 (Tel)
(213) 892-5454 (Fax)

Attorneys for Defendant C. R. Bard, Inc.