# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MEDLINE INDUSTRIES, INC., | ) |
| Plaintiff, | ) |
| | ) No. 17 C 7216 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| C.R. BARD, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Medline Industries, Inc. ("Medline") brings this case against Defendant C.R. Bard, Inc., ("Bard") alleging patent infringement on a medical tray and a patient information insert called a patient aid. The Patent Trial and Appeal Board ("PTAB") has instituted *inter partes* reviews ("IPRs") on Medline's claims. As a result, Bard brings the present motion to stay the proceedings in this trial until the PTAB has issued its decisions. Because a stay pending the decisions of the PTAB in its IPRs would not impose undue prejudice or a tactical disadvantage on Medline, would simplify and streamline the case, and would likely reduce the burden of litigation on the parties and the Court, the Court grants Bard's motion to stay.

## BACKGROUND

Medline has filed three suits in the Northern District of Illinois alleging patent infringement against Bard. This suit is the third in that series[1] and concerns four medical tray and patient aid patents: U.S. Patent Nos. 9,808,596 (the "'596 Patent"), 9,745,088 (the "'088 Patent"), 9,795,761 (the "'761 Patent"), and 9,808,400 (the "'400 Patent"). In October and November of 2018, Bard filed petitions with the PTAB seeking IPRs on all of Medline's claims. At the same time, Bard filed a motion to stay this case pending the PTAB's decision whether to

---

[1] The first and second are referred to herein as "*Medline I*" and "*Medline II*" respectively.

institute review, which the Court denied without prejudice as premature, and invited Bard to renew its motion if the PTAB decided to institute IPRs on Bard's petitions. In January 2019, the Court held a claim construction hearing and issued a ruling construing several disputed terms. In June 2019, the PTAB granted Bard's petitions for IPRs. After the PTAB instituted its IPRs, Bard filed the present motion to stay this case pending the result of the PTAB's IPRs.

*Medline I* is scheduled for trial in February 2020. Medline moved to extend deadlines for dispositive motions in this case until after the conclusion of the *Medline I* trial. Pursuant to that request, the Court moved the close of expert discovery to November 11, 2019, and scheduled a hearing in March 2020 to set a summary judgment briefing. *See* Doc. 156; Doc. 159. The PTAB's deadlines to issue final written decisions in its IPRs in this case are April 10, 2020 for the '088 Patent, May 6, 2020 for the '761 Patent, and June 6, 2020 for both the '400 Patent and the '596 Patent.

## LEGAL STANDARD

District courts have inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). Specifically, the decision "to stay proceedings pending inter partes review of a patent is a matter committed to the district court's discretion." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13–CV–1058–WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)); *Black & Decker, Inc. v. Positec USA, Inc.*, No. 13-3075, 2013

2

WL 5718460, at *3 (N.D. Ill. Oct. 1, 2013). District courts consider three factors in determining whether to grant a stay pending IPR: (1) whether the stay will unduly prejudice or tactically disadvantage the nonmoving party; (2) whether the stay will simplify the issues in question and streamline the trial; and (3) whether the stay will reduce the burden of litigation on the parties and on the court. *Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *2 (citing *Black & Decker*, 2013 WL 5718460, at *3).

## ANALYSIS

### I. Undue Prejudice and Tactical Disadvantage

The first factor the Court considers is whether Medline would suffer undue prejudice or tactical disadvantage from Bard's proposed stay. Medline's sole argument that it will be unduly prejudiced or placed at a tactical disadvantage is that a stay would disrupt the coordinated schedules of the other two cases, *Medline I* and *II*. Medline argues that it will incur unnecessary additional expense because its experts would have to refamiliarize themselves with the subject matter of the reports and the underlying evidence. While this argument might go to the third factor, the burden of litigation, it does not explain how or why this stay would unduly prejudice Medline or place it at a tactical disadvantage. The extension that Medline asked for and received to move dispositive motions in this case to after the conclusion of the *Medline I* trial already contemplated the severing of the coordinated schedules of these cases and the desire for the parties to use the results of *Medline I* to inform their strategies in the other two cases. Outside of the potential cost of refamiliarizing the experts with the material, which coincidentally, might be offset by having them review less material as a result of the PTAB's IPRs, Medline does not explain how a stay would cause undue prejudice or a tactical disadvantage.

To the contrary, the facts suggest that a stay would not prejudice Medline or place it at a tactical disadvantage. First, the Court can discount "[t]he general prejudice of having to wait for resolution." *Sorensen v. Black & Decker Corp.*, No. 06CV1572 BTM (CAB), 2007 WL 2696590, at *5 (S.D. Cal. Sept. 10, 2007) ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay."). Additionally, "[Medline]'s own delay," most recently moving for an extension that reaches into March 2020, "further indicates that [Medline] will not suffer undue prejudice from a stay." *Ignite USA*, 2014 WL 2505166, at *3. Finally, Medline did not seek a preliminary injunction in any of the three cases against Bard, which further indicates that a delay at this stage would not prejudice Medline significantly. *Id.*; *see Visual Interactive Phone Concepts, Inc. v. Samsung Telecomm. America, LLC*, No. 11–12945, 2012 WL 1049197, at *3 ("Plaintiff has not moved for injunctive relief, which further supports a finding that a stay would not be unduly prejudicial."). For these reasons, the Court finds that Medline would not suffer undue prejudice or tactical disadvantage from a stay.

## II.      Simplification and Streamlining the Case

The second factor in the Court's analysis is how the PTAB's decisions in these IPRs might simplify and streamline the issues in this case. Based on past statistics, it is at least more likely than not that the PTAB will cancel one or more of Medline's claims, which would streamline this case. *See* Doc. 184 at 5 ("As of February 28, 2019, the PTAB has canceled all of the claims on which it has instituted *inter partes* review 63% of the time, and has canceled all or some of the claims 81% of the time."). The Court acknowledges Medline's argument that there is no guarantee that the PTAB will invalidate any claims at all in this case; however, even if no claims are canceled, the PTAB's IPRs will still simplify the issues in this case, and might

4

encourage settlement, "because [Bard] will be estopped from arguing that the claim is invalid." *Ignite USA*, 2014 WL 2505166, at *4 (citing *Black & Decker*, 2013 WL 5718460, at *1).

Medline argues that this case would be more streamlined if expert discovery could go forward while the PTAB completes its IPRs so that any remaining claims can promptly go to trial. While the Court will address this argument in the following section under the burden of litigation factor, this argument fails when one considers it from a simplification standpoint. If the PTAB invalidates any claims at all, the parties will have wasted their resources pursuing expert discovery on those claims. *Id.* ("If the [PTAB] cancels, or simplifies the claims, the parties in all likelihood will have engaged in unnecessary discovery."). Instead, if the parties wait to conduct expert discovery after the PTAB completes its IPRs, even the expert discovery itself will be streamlined and simplified. For these reasons, the Court finds that a stay would simplify and streamline this case.

### III. Reduced Litigation Burden on the Parties and the Court

The final factor for the Court to consider is whether the PTAB's IPRs might reduce the burden of litigation on both the parties and the Court. Again, if the IPRs result in cancellation of all or some of Medline's claims, those claims would no longer be at issue, and would no longer require expert discovery. *Id.* And if the PTAB finds all of Medline's claims valid, the litigation will be simplified and less burdensome because Bard will not be able to assert invalidity as a defense.

Medline argues that a stay will create a larger litigation burden on them because their experts will have to refamiliarize themselves with the claims and the underlying evidence when expert discovery resumes following the stay. While the Court acknowledges Medline's concern, "[w]ithout a stay, simultaneous proceedings present substantial risks that the parties and court

will expend resources unnecessarily. If the [PTAB] cancels, or simplifies the claims, the parties in all likelihood will have engaged in unnecessary discovery." *Id.*

Taking Medline's concern into account, the balance of the litigation burden in this case weighs between: (A) expending resources to take potentially unnecessary expert discovery now, and (B) waiting for the PTAB's decision to take only the necessary expert discovery while expending more resources to have the experts refamiliarize themselves with the claims and evidence following the stay. The Court finds, however, that any simplification of claims, whether that is a cancellation of a few claims, a cancellation of all claims, or a narrowing of the scope of the claims, would also simplify the scope of the claims and evidence with which the experts would have to refamiliarize themselves. Given the statistical record of the PTAB, *see* Doc. 184 at 5, it is more likely than not that the PTAB will cancel at least one of Medline's claims. While this is no guarantee that the PTAB will cancel any claims, a decision canceling at least one claim would simplify the case and would render unnecessary at least some of the expert discovery that would take place in the interim. For these reasons, the Court finds that a stay would likely reduce the burden of litigation on the parties and the Court. Because all factors weigh in favor of a stay, the Court stays this case until the conclusion of the PTAB's IPRs.

## CONCLUSION

For the foregoing reasons, the Court grants Bard's motion to stay [176]. The Court strikes the status date set for September 11, 2019 and resets it to April 21, 2020.

Dated: September 10, 2019

SARA L. ELLIS
United States District Judge