# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MEDLINE INDUSTRIES, INC.<br><br>      Plaintiff,<br><br> v.<br><br>C.R. BARD, INC.<br><br>      Defendant. | Civil Action No. 1:17-cv-07216<br><br>The Honorable Sara L. Ellis |

**MEDLINE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE BARD'S RELIANCE ON UNTIMELY PRODUCTION INCLUDING PORTIONS OF THE EXPERT REPORTS OF DR. RICHARD HILLSTEAD, RAYMOND SIMS, AND DR. EDWARD YUN**

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................... 1

LEGAL STANDARD............................................................................................................. 2

ARGUMENT .......................................................................................................................... 3

      I.      Bard's Untimely Disclosure of ▇▇▇▇▇▇▇ Violates its Obligations Under Federal Rule of Civil Procedure 26.......................................... 3

      II.     ▇▇▇▇▇ Should Be Excluded Because Bard's Failure to Comply with Rule 26 Is Not Substantially Justified or Harmless. ............................................... 5

CONCLUSION........................................................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Civix-DDI, LLC v. Hotels.com, L.P.*,
  No. 05 C 06869, 2011 WL 181342 (N.D. Ill. Jan. 19, 2011) ......................................................3

*Clintec Nutrition Co. v. Baxa Corp.*,
  No. 94 C 7050, 1998 WL 560284 (N.D. Ill. Aug. 26, 1998) ......................................................3

*David v. Caterpillar, Inc.*,
  324 F.3d 851 (7th Cir. 2003) ..................................................................................................2, 3

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd*,
  No. 95 C 0673, 1996 WL 680243 (N.D. Ill. Nov. 21, 1996) ......................................................3

*Keach v. U.S. Tr. Co.*,
  419 F.3d 626 (7th Cir. 2005) .....................................................................................................3

*Musser v. Gentiva Health Servs.*,
  356 F.3d 751 (7th Cir. 2004) .....................................................................................................2

*Tribble v. Evangelides*,
  670 F.3d 753 (7th Cir. 2012) .............................................................................................2, 3, 5

**Other Authorities**

Fed. R. Civ. P. 26............................................................................................................2, 3, 5

Fed. R. Civ. P. 37(c)(1)..........................................................................................................2, 6

## INTRODUCTION

At the end of September 2020, almost a year and a half after the close of discovery, Bard produced ███████████████████████████████, without producing any documents or other information about ████████. Then, in November 2020, Bard served rebuttal reports from three of its experts offering opinions ████████ which they call ████████ Specifically, Bard's experts opine that █████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████

Bard knew about ████████ and █████████████████████ long before it produced ████████████ to Medline in September 2020. But Bard waited until more than a year after fact discovery closed, and two weeks before opening expert reports were due to disclose it. And Bard did so without producing any documents concerning ████████ ██████████████████████ Particularly because Medline would be unduly prejudiced if Bard and its experts are permitted to rely on this untimely-produced ████████ the Court should strike the paragraphs of Bard's expert reports that discuss ████████ (*see* Exs. 1, 2, 3) and preclude Bard from relying on ████████ in this case.

## BACKGROUND

Fact discovery closed on May 31, 2019. Following the expiration of a stay related to Bard's unsuccessful IPRs, the Court set an expert discovery schedule with opening expert reports due October 12, 2020, rebuttal expert reports due November 23, 2020, and expert discovery closing on February 15, 2021. (Dkt. No. 217.)

Then on October 1, 2020, counsel for Medline received by mail a production of █ ████████ designated BARD_20018875. Ex. 4; Ex. 5. There is apparently no public

1

information regarding the existence of ▮▮▮▮, and Medline had no way of knowing about ▮▮▮▮ prior to this production. In response to Bard's production, Medline noted that fact discovery had been closed for more than a year, and reserved all rights to object to any attempt by Bard to rely on ▮▮▮▮ in this case. (*Id.*) Medline further noted that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1) requires parties to provide, among other things, "a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A). Pursuant to Rule 26(e)(1)(A), "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A). If a party's late disclosures and document production do not comply with its obligations under Rule 26(e), the question then becomes whether, pursuant to Rule 37(c)(1), the party's failure to comply is "substantially justified or . . . harmless." Fed. R. Civ. P. 37(c)(1).

Exclusion of untimely-disclosed evidence is automatic unless the party can meet its burden to show that the untimely disclosure was substantially justified or harmless. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) ("Under Rule 37(c)(1), 'exclusion of non-disclosed evidence is automatic and mandatory . . . unless non-disclosure was justified or harmless.'") (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (citing the sanctioning effect of

2

Rule 37 as ensuring compliance with the discovery requirements set out in Rule 26). In making this determination, courts have broad discretion to determine whether a party's failure to comply with Rule 26(e) is substantially justified or harmless. *Keach v. U.S. Tr. Co.*, 419 F.3d 626, 640 (7th Cir. 2005); *David*, 324 F.3d at 857. And, in this regard, the Seventh Circuit has indicated that the following factors are relevant to a court's determination: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble*, 670 F.3d at 760 (quoting *David*, 324 F.3d at 857).

## ARGUMENT

**I.    Bard's Untimely Disclosure of ▆▆▆▆▆▆▆▆▆▆▆▆ Violates its Obligations Under Federal Rule of Civil Procedure 26.**

Bard cannot argue that its production of ▆▆▆▆▆▆▆▆▆ was timely. Fact discovery closed in May 2019, and courts in this district have rejected similar untimely attempts to inject evidence after the close of discovery. In *System Development Integration, LLC v. Computer Sciences. Corp.*, No. 09-CV-4008, 2012 WL 2953063, at *2 (N.D. Ill. July 19, 2012), for example, the court rejected as untimely a party's decision to wait until more than two years after the close of discovery and after the court's summary judgment rulings to disclose new documents and witnesses. And in *Civix-DDI, LLC v. Hotels.com, L.P.*, No. 05 C 06869, 2011 WL 181342, at *3 (N.D. Ill. Jan. 19, 2011), the court found that a party violated its obligations under Rule 26(e) where a disclosure of new facts occurred ten months after the close of discovery. *See also Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd*, No. 95 C 0673, 1996 WL 680243, at *7-10 (N.D. Ill. Nov. 21, 1996) (court barred defense raised for the first time in expert reports after the close of fact discovery); *Clintec Nutrition Co. v. Baxa Corp.*, No.

3

94 C 7050, 1998 WL 560284, at *7 (N.D. Ill. Aug. 26, 1998) (in patent case, defendant "had an ongoing obligation to supplement its interrogatory answers since [plaintiff] specifically asked for [defendant's] claim interpretation;" therefore, defendant "may only offer those theories of claim interpretation it provided in its interrogatory answers").

Courts in this district have precluded a party's attempt to rely on new evidence produced after the close of fact discovery, even where the evidence at issue did not exist during the fact discovery period. *See Sys. Dev. Integration*, 2012 WL 2953063, at *3 (rejecting argument "that the newly disclosed information 'came into existence only after'" the discovery cutoff where party failed to offer any explanation why it could not have disclosed the information earlier). And here, according to Bard's production letter, ███████████████████ ███████████████████████████████. ████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ███████████████████████████. ███████████ ██████████████████████████████████████████ ████████████████████████████████. The information contained in its rebuttal expert reports,[1] ████████████████, indicates that Bard ████████████

---

[1] Bard's experts rely on a variety of documents and information that further confirm that ██████████████████████████████████████████████████████████████

██████████████████████████████████. ██████████████████████████████████

██████████████████████████████████████████████ none of this was

produced at all, much less timely produced.

Meanwhile, Bard has offered no explanation as to why it failed to disclose ██

████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████. Regardless, as

explained in more detail below, Bard has violated Federal Rule of Civil Procedure 26(e).

**II.      ████████ Should Be Excluded Because Bard's Failure to Comply with Rule 26 Is Not Substantially Justified or Harmless.**

Bard's lack of compliance was not substantially justified or harmless so as to overcome

the otherwise automatic exclusion of ████████████ under 37(c)(1), given that Bard ██

████████████████████████████████████████████████, and also withheld all

other information ████████. Indeed, all four factors the Seventh Circuit has indicated are

relevant to this analysis weigh heavily against Bard. *See Tribble*, 670 F.3d at 760 (quoting

*David*, 324 F.3d at 857) (setting forth factors).

First, the timing of the disclosure was unduly prejudicial to Medline. Medline had no fair

or adequate opportunity to conduct any discovery—fact discovery closed long before ████ was

produced. And Medline's experts had no meaningful opportunity to address this untimely

production (even if addressing information produced after the close of fact discovery were

appropriate), given that Bard produced ████████████████ to Medline's counsel, less than two

weeks before the opening reports were due, and no other pertinent information. Medline's

experts did not even have access to the information Bard made available to its own experts.

Further, there is no mechanism available to sufficiently cure this prejudice. While Bard

may contend that the Court could order Bard to produce all of the information regarding

5

██████ that Bard has withheld, order Bard ████████████████████ ██████████████████████, and allow Medline's experts the opportunity to offer supplemental reports, that would derail the progress of this case. As the court explained in *System Development Integration* in precluding reliance on late-produced evidence:

> [I]f the Court were to allow CSC to use the newly-disclosed evidence, it would need to grant SDI an opportunity to depose additional witnesses and possibly allow SDI's expert to issue a new damages report. This would certainly disrupt the parties' preparation for the impending trial, and would likely result in yet another request for an extension of the trial date for this case, which has been pending for more than three years.

2012 WL 2953063, at *3. Moreover, Bard would face no consequences for its improper discovery tactics—indeed, it would both be permitted to rely on the late-produced ██████ ██ *and* be rewarded with additional delay. Opening and rebuttal expert reports have been exchanged, and the case is positioned to proceed to dispositive motions.

Additionally, Bard's bad faith or willfulness in not disclosing ████ at an earlier date strongly favors its exclusion. As explained above, Bard has known about ██████████ ██████████ Indeed, at the time of the September 9 status hearing (Dkt. No. 217) when the Court set the expert discovery schedule, Bard was aware of ████████████████ ████████████████████ yet said nothing about it. Bard waited until just two weeks before Medline's opening expert reports were due, and even then produced only a ████████ ██████████ with no other information. But as its own expert reports confirm, Bard gave its own experts access to employees ██████████████████████████████ while withholding this information from Medline.

All of the relevant factors thus confirm that Bard's untimely disclosure of ████████ ████ was neither substantially justified nor harmless. As such, ██████████, and Bard's expert analysis directed to it, should be excluded under Fed. R. Civ. P. 37(c)(1).

6

## CONCLUSION

For the foregoing reasons, Medline respectfully requests that the Court preclude Bard from relying on ▮▮▮▮ and strike all analysis of ▮▮ in its rebuttal expert reports of Richard Hillstead, Raymond Sims, and Edward Yun. The relevant paragraphs of the reports are: paragraphs 243-250 of the Hillstead report, the paragraphs on pages 81-82 of the Sims report that discuss ▮▮▮▮, and paragraphs 142-176 of the Yun report. *See* Exs. 1, 2, 3.

Dated: December 11, 2020

Respectfully submitted,

/s/ *Thomas D. Rein*

Thomas D. Rein (IL 6186187)
trein@sidley.com
Stephanie P. Koh (IL 6279210)
skoh@sidley.com
Nathaniel C. Love (IL 6303857)
nlove@sidley.com
Gwen Hochman Stewart (IL 6300029)
gstewart@sidley.com
Courtney E. Cronin (IL 6326779)
courtney.cronin@sidley.com
**Sidley Austin LLP**
One South Dearborn
Chicago, IL, 60603
Telephone: (312) 853-7000

Allen E. Hoover (IL 6216256)
ahoover@fitcheven.com
Stanley A. Schlitter (IL 2488604)
sschlitter@fitcheven.com
Joseph F. Marinelli (IL 6270210)
jmarinelli@fitcheven.com
Nicole L. Little (IL 6297047)
nlittle@fitcheven.com
**Fitch, Even, Tabin & Flannery LLP**
120 South LaSalle Street, Suite 2100
Chicago, IL 60603
Telephone: (312) 577-7000

*Attorneys for Plaintiff Medline Industries, Inc.*

Case: 1:17-cv-07216 Document #: 240-1 Filed: 12/11/20 Page 11 of 12 PageID #:9968

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing is being served by CM/ECF on December 11, 2020 to all counsel of record.

                                                              /s/ *Thomas D. Rein*